

**United States Department of Justice**

United States Attorney
Southern District of West Virginia



Sidney L. Christie Federal Building
and United States Courthouse
845 Fifth Avenue, Room 209
Huntington, WV 25701
PHONE: 304-529-5799
FAX: 304-529-5545

August 20, 2024

Wesley Page
Federal Public Defender
300 Virginia Street East, Suite 3400
Charleston, WV  25301

       Re:  United States v. Timothy Ryan Wolfe
           Criminal No. 3:24-cr-160   (USDC SDWV)

Dear Mr. Page:

    This will confirm our conversations with regard to your client, Timothy Ryan Wolfe (hereinafter "Mr. Wolfe"). As a result of these conversations, it is agreed by and between the United States and Mr. Wolfe as follows:

    1. **CHARGING AGREEMENT.** Mr. Wolfe agrees to waive his right pursuant to Rule 7 of the Federal Rules of Criminal Procedure to be charged by indictment and will consent to the filing of a single-count information to be filed in the United States District Court for the Southern District of West Virginia, a copy of which is attached hereto as "Plea Agreement Exhibit A."

    2. **RESOLUTION OF CHARGES.** Mr. Wolfe will plead guilty to a violation of 18 U.S.C. § 922(a)(1), 18 U.S.C. § 923(a), and 18 U.S.C. § 924(a)(1)(D) (unlawfully engaging in the business of dealing firearms) as charged in said information.

    3. **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Mr. Wolfe will be exposed by virtue of this guilty plea is as follows:

    (a)  Imprisonment for a period of up to 5 years;

*TW*
Defendant's
Initials

Wesley Page
August 20, 2024                                    Re: Timothy Ryan Wolfe
Page 2

    (b)    A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

    (c)    A term of supervised release of at least 1 year;

    (d)    A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013; and

    (e)    An order of restitution pursuant to 18 U.S.C. §§ 3663 and 3664, or as otherwise set forth in this plea agreement.

    4.    **SPECIAL ASSESSMENT.** Mr. Wolfe has submitted certified financial statements to the United States reflecting that he is without sufficient funds to pay the special assessment due upon conviction in this case. Mr. Wolfe agrees that, if incarcerated, he will join the Inmate Financial Responsibility Program, earnings from which will be applied toward payment of the special assessment.

    5.    **PAYMENT OF MONETARY PENALTIES.** Mr. Wolfe authorizes the Financial Litigation Program in the United States Attorney's Office to obtain a credit report from any major credit reporting agency prior to sentencing in order to assess his financial condition for sentencing purposes. Mr. Wolfe agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Wolfe further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

    *TW*
                              Defendant's
                              Initials

Wesley Page
August 20, 2024                          Re: Timothy Ryan Wolfe
Page 3

Mr. Wolfe authorizes the United States, through the Financial Litigation Program, to submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the defendant's payment status or history at that time.

In addition to any payment ordered by the Court, Mr. Wolfe shall pay all monies received from any source other than earned income, including but not limited to, lottery winnings, gambling proceeds, judgments, inheritances, and tax refunds, toward the court ordered restitution or fine.

Mr. Wolfe agrees that if he retains counsel or has appointed counsel in response to the United States' efforts to collect any monetary penalty, he shall immediately notify the United States Attorney's Office, Attention: Financial Litigation Program, 300 Virginia Street E., Suite 4000, Charleston, West Virginia 25301, in writing and shall instruct his attorney to notify FLP immediately of his representation.

6. **COOPERATION.** Mr. Wolfe will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Mr. Wolfe may have counsel present except when appearing before a grand jury.

7. **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Mr. Wolfe, and except as expressly provided for in paragraph 9 below, nothing contained in any statement or testimony provided by him pursuant to this agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

_TW_
Defendant's Initials

Wesley Page
August 20, 2024                                    Re: Timothy Ryan Wolfe
Page 4

    8.    **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Wolfe for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Wolfe for perjury or false statement if such a situation should occur pursuant to this agreement.

    9.    **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Wolfe stipulate and agree that the facts comprising the offense of conviction and relevant conduct include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit B."

    Mr. Wolfe agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by him, and he is subsequently tried for his conduct alleged in the information and other relevant conduct, as more specifically described in the Stipulation of Facts, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Mr. Wolfe or of any of his witnesses, or in rebuttal of any testimony introduced by him or on his behalf. Mr. Wolfe knowingly and voluntarily waives, see <u>United States v. Mezzanatto</u>, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

    The United States and Mr. Wolfe understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

<u>    TW    </u><br>
Defendant's<br>
Initials

Wesley Page
August 20, 2024                                    Re: Timothy Ryan Wolfe
Page 5

10. **AGREEMENT ON SENTENCING GUIDELINES.** Based on the foregoing Stipulation of Facts, the United States and Mr. Wolfe agree that the following provisions of the United States Sentencing Guidelines apply to this case.

USSG §2K2.1

| | |
|---|---|
| Base offense level | 18 |
| Number of firearms §2K2.1(b)(1)(B) | + 4 |
| Adjusted offense level | 22 |

The United States and Mr. Wolfe acknowledge and understand that the Court and the Probation Office are not bound by the parties' calculation of the United States Sentencing Guidelines set forth above and that the parties shall not have the right to withdraw from the plea agreement due to a disagreement with the Court's calculation of the appropriate guideline range.

11. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Mr. Wolfe knowingly and voluntarily waives his right to seek appellate review of his conviction and of any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742(a), except that the defendant may appeal any sentence that exceeds the maximum penalty prescribed by statute. Mr. Wolfe also knowingly and voluntarily waives any right to seek appellate review of any claim or argument that (1) the statute of conviction 18 U.S.C. § 922(a)(1), 923(a), and 924(a)(1)(D) is unconstitutional, and (2) Mr. Wolfe conduct set forth in the Stipulation of Facts (Plea Agreement Exhibit B) does not fall within the scope of 18 U.S.C. § 922(a)(1), 923(a), and 924(a)(1)(D).

TW
_____
Defendant's
Initials

Wesley Page
August 20, 2024                      Re: Timothy Ryan Wolfe
Page 6

       The United States also agrees to waive its right to appeal any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever, including any ground set forth in 18 U.S.C. § 3742(b), except that the United States may appeal any sentence that is below the minimum penalty, if any, prescribed by statute.

       Mr. Wolfe also knowingly and voluntarily waives the right to challenge his guilty plea and conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

       The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

       12. **WAIVER OF FOIA AND PRIVACY RIGHT.** Mr. Wolfe knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

       13. **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

       (a)   Inform the Probation Office and the Court of all relevant facts and conduct;

       (b)   Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

_TW_<br>
Defendant's<br>
Initials

Wesley Page
August 20, 2024                                Re: Timothy Ryan Wolfe
Page 7

    (c)   Respond to questions raised by the Court;

    (d)   Correct inaccuracies or inadequacies in the presentence report;

    (e)   Respond to statements made to the Court by or on behalf of Mr. Wolfe;

    (f)   Advise the Court concerning the nature and extent of Mr. Wolfe's cooperation; and

    (g)   Address the Court regarding the issue of Mr. Wolfe's acceptance of responsibility.

    14.  **VOIDING OF AGREEMENT.**  If either the United States or Mr. Wolfe violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

    15.  **ENTIRETY OF AGREEMENT.**  This written agreement constitutes the entire agreement between the United States and Mr. Wolfe in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Mr. Wolfe in any Court other than the United States District Court for the Southern District of West Virginia.

    Acknowledged and agreed to on behalf of the United States:

                                        WILLIAM S. THOMPSON
                                        United States Attorney

                        By:  _____
                                        STEPHANIE S. TAYLOR
                                        Assistant United States Attorney

SST/sdw

                                                              _____
                                                                Defendant's
                                                                    Initials

Wesley Page
August 20, 2024                                     Re: Timothy Ryan Wolfe
Page 8

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this 8-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____          9-16-24_____
Timothy Ryan Wolfe                        Date Signed
Defendant

_____          9/16/24_____
Wesley Page                               Date Signed
Counsel for Defendant

                                                            _____
                                                            Defendant's
                                                            Initials

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON

UNITED STATES OF AMERICA

v.  CRIMINAL NO. _____

18 U.S.C. § 922(a)(1)(A)
18 U.S.C. § 923(a)
18 U.S.C. § 924(a)(1)(D)

TIMOTHY RYAN WOLFE

# I N F O R M A T I O N

The United States Attorney Charges:

From on or about April 30, 2024, and continuing to on or about June 6, 2024, at or near Huntington, Cabell County, West Virginia, in the Southern District of West Virginia, defendant, TIMOTHY RYAN WOLFE, not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms.

In violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a), and 924(a)(1)(D)

UNITED STATES OF AMERICA

WILLIAM S. THOMPSON
United States Attorney

By: _____
STEPHANIE S. TAYLOR
Assistant United States Attorney

**PLEA AGREEMENT EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 3:24-cr-160

Timothy Ryan Wolfe

## STIPULATION OF FACTS

The United States and Timothy Ryan Wolfe (hereinafter "defendant", "I," and "my") stipulate and agree that the facts comprising the offense of conviction in the single-count Information in the Southern District of West Virginia, Criminal No. 3:24-cr-160 and the relevant conduct for that offense include the following:

### DEFENDANT'S FACTUAL BASIS FOR GUILTY PLEA

From at least April 30, 2024 through June 6, 2024, I engaged in the business of dealing in firearms without a Federal Firearms License (hereinafter "FFL"). I advertised the sale of firearms on various social media platforms, including "FaceBook," "MeWe," "Mighty Networks," and "WV Trading Post". I am not licensed to deal in firearms and I know that based on the quantity and regularity with which I was buying and selling firearms, I needed a FFL to engage in the business of dealing in firearms.

I have also purchased firearms from FFL entities with the intent to sell them to other individuals. If I received requests for specific firearms from individuals, I would purchase that specific firearm to sell to them. I also purchased firearms without a specific buyer in mind.

On April 30, 2024, I sold two firearms to a confidential informant working at the direction of the ATF. The informant met me at my home located at 1246 Upper Union Street in Huntington, Cabell County, West Virginia. I sold the informant an Aero Precision rifle, a Glock 9mm pistol, and a rifle scope.

On May 6, 2024, I sold two firearms to the same confidential informant. This purchase also occurred at my home in Huntington. I sold the informant another Glock 9mm pistol and a Wilson Combat, Model TR-Lower Ano, .223 caliber rifle. This rifle had a barrel

length of 10.5 inches. This firearm was not registered to me in the National Firearms Registration and Transfer Record.

On May 15, 2024, I sold a total of four firearms to the same confidential informant. This purchase also occurred at my home in Huntington. I sold the informant a Smith & Wesson, .22 caliber rifle and a Glock, model 23, .40 caliber pistol.

On May 13, 2024 I purchased a Glock, model 23, .40 caliber pistol from Academy Sports and Outdoors, (a FFL), located in Barboursville, West Virginia. I purchased this firearm after the informant requested that particular firearm. I then sold the informant that firearm on May 15, 2024.

On May 14, 2024, I purchased a 17 Design and Manufacturing 5.56 pistol from TIK Guns and Ammo, LLC, (a FFL), located in Barboursville, West Virginia. I purchased this firearm after the informant requested a short-barreled rifle. I then converted this firearm to a short-barreled rifle and sold the rifle with a barrel length of 10.5 inches to the informant. This firearm was not registered to me in the National Firearms Registration and Transfer Record.

On June 6, 2024, I sold three firearms to the same confidential informant. This purchase also occurred at my home in Huntington. I sold the informant a Tokarev, 12-gauge shotgun, a Kimber 9mm pistol, and a Glock, .40 caliber pistol.

This Stipulation of Facts does not contain each and every fact known to defendant and to the United States concerning his involvement and the involvement of others in the charges set forth in the Indictment.

Stipulated and agreed to:

_____   9-16-24
Timothy Ryan Wolfe                 Date
Defendant

_____   9/16/24
Wesley Page                        Date
Counsel for Defendant

_____   9/18/2024
Stephanie S. Taylor                Date
Assistant United States Attorney

PLEA AGREEMENT EXHIBIT B
2